United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40725
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-106-7
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Joel Salinas appeals his conviction and sentence of 168 months of imprisonment imposed after he pleaded guilty to possession with intent to distribute "more than 5 kilograms of cocaine, that is approximately 66 kilograms of cocaine." The district court arrived at Salinas's sentence after determining that he possessed an equivalent of over 126,000 kilograms of marijuana, a fact neither admitted by Salinas nor found by a jury beyond a reasonable doubt.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Salinas was sentenced, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005), applying its holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), to the Federal Sentencing Guidelines.  Blakely reaffirmed the rule that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'"  Blakely, 124 S. Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466 (2000)).

Salinas argues that his sentence violates Booker because the court judicially determined the amount of drugs for which he was responsible and upon which his sentence was based.  The district court's enhancement of Salinas's sentence based on its factual determination, other than the fact of a prior conviction, was error under Booker.

Because Salinas preserved this objection in the district court, see United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005), review is for harmless error.  United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).  The Government bears the burden of establishing, beyond a reasonable doubt, that the error was harmless.  See id.  The Government has not met this burden.  Thus, we need not reach Salinas's assertion of Fanfan error.

Salinas also argues that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi because the statute's structure treats drug types and quantities as sentencing factors.

Salinas concedes that his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he raises the issue in order to preserve it for possible Supreme Court review. Accordingly, Salinas's conviction is AFFIRMED, but we VACATE Salinas's sentence, and REMAND for resentencing in light of Booker.